IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK LOUIS BLOHM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06 C 0756 |
| | ) | |
| VILLAGE OF ROSEMONT, DONALD E. | ) | Judge Nordberg |
| STEPHENS, DONALD E. STEPHENS, II | ) | |
| and WILLIAM ANDERSON, | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY PRETRIAL SCHEDULING ORDER

This cause, having come before the Court for a preliminary pretrial conference ("Conference") held pursuant to Fed.R.Civ.P. 16, 26; and Terence J. Moran, Esq. of Hughes Socol Piers Resnick & Dym, Ltd., 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602, 312-580-0100, having appeared as counsel for plaintiff; and Joy Roberts, Esq. of Rosenthal, Murphey and Coblentz, 30 N. LaSalle Street, Suite 1624, Chicago, Illinois 60602, 312-541-1070, having appeared as counsel for defendants Village of Rosemont and Donald E. Stephens; and Angelo Del Marto, Esq. of Storino, Ramello & Durkin, 9501 W. Devon Avenue, 8th Fl., Rosemont, Illinois 60018, 847-318-9509, having appeared as counsel for defendants Donald E. Stephens, II and William Anderson, the following action was taken:

1. Counsel reported on the preparatory conference held at least seven days prior to this Conference. The counsel also reported on the status of settlement discussions.

2. The parties discussed the following subjects and agreed to the action hereinafter set forth:

(A) Factual basis for jurisdiction: The Court's jurisdiction is not disputed.

(B)   Simplification of issues: If the case goes to trial, the parties shall attempt to stipulate to the amount of backpay/lost wages at the time of trial.

(C)   Amendments to pleadings and planned motions: Plaintiff currently does not anticipate amending his Complaint.

(D)   Admissions of fact and use of documents which will avoid unnecessary proof: See Section 3. Too early in the case for any other agreements between the parties.

(E)   Limitation of the number of expert and other witnesses: The parties have not yet decided whether they will be using expert witnesses. Too early in the case for any other agreements between the parties.

(F)   Limitation of discovery: Too early in the case for any agreements between the parties.

(G)   Such other matters as may aid in disposition of the action: Too early in the case to determine.

3.   The parties agreed that the principal uncontested facts and law were as follows:

(A)   Plaintiff Frederick Louis Blohm, Jr. ("Blohm") was employed as a Rosemont Public Safety Officer ("PSO") from February 22, 2002, and an Illinois Secretary of State Police Officer for eleven and a half years.

(B)   Defendant Village of Rosemont ("Rosemont" or "the Village") is a municipal corporation and home rule unit of government created pursuant to the Constitution and statutes of the State of Illinois.

(C)   Defendant Donald E. Stephens ("Mayor Stephens") is Village President of Rosemont.

(D) Defendant Donald E. Stephens II ("Chief Stephens") is the son of Mayor Stephens and the Director of Rosemont's Department of Public Safety.

(E) Defendant William Anderson ("Anderson") is the Assistant Director of Rosemont's Department of Public Safety.

(F) Generally, Rosemont PSOs are assigned to work in the Rosemont Fire and/or Police Departments and are assigned to each department for at least one year. Blohm's assignment to the Rosemont Fire Department, however, was for only ten months, of which two and a half months were spent at the Fire Academy.

(G) While Blohm was assigned to the Police Division of the Rosemont Police Department, he from time to time worked as a tactical officer and also as a field training officer, and his level of performance for felony, misdemeanor and drunk driving arrests was high.

(H) After being appointed a full time Rosemont PSO, Blohm rented an apartment from the Village in Village owned property intended to provide housing for Rosemont employees.

(I) In or about March of 2002, Blohm issued a traffic citation to an employee of H&H Electric, a company that at that time had a contract with the Village for the electrical repair and maintenance of traffic signals. Anderson voided that citation.

(J) On January 29, 2004, Blohm arrested an individual named Fred Etzel for driving under the influence of alcohol.

(K) On February 4, 2004, Blohm stopped an individual named Daniel Relax for disobeying a stop sign, and subsequently discovered marijuana on his person. A

subsequent search of Relaz's residence was conducted and quantities of marijuana were found there. Relaz was charged with possession of marijuana with intent to distribute.

(L) Daniel Relaz was related to Isaac Degan, a partner in Degan and Rosato Construction Company, which has performed construction work for the Village. Mr. Degan and Mayor Stephens are friends.

(M) On July 15, 2004, Blohm issued traffic citations to John Pappadis who was working as a valet parking attendant at the Ram Restaurant in Rosemont.

(N) "Mr. Valet" is a valet parking company, is owned by Anderson and has contracts to provide valet parking services at the Donald E. Stephens Convention Center, the Rosemont Theater and other locations, including restaurants in Rosemont.

(O) Rosemont Public Safety Sergeant Frank Siciliano and Anderson came to the Ram Restaurant where Blohm was dealing with Mr. Pappadis. Anderson did not want Blohm to issue any state traffic citations to Mr. Pappadis. Pappadis was issued two citations.

(P) In July of 2004, Blohm pulled over a vehicle and subsequently learned that it was being driven by Douglas DuBrock, who at that time was employed by the Village as the Assistant Manager of the Willow Creeks Club, a health club owned and operated by the Village Sergeant Kolman and Lieutenant Stephens, the son of Chief Stephens and grandson of Mayor Stephens came to the scene of that traffic stop.

(Q) On or about July 21, 2004, Mayor Stephens met with officers of the Rosemont Public Safety Department and informed them that if any of them were in violation of the

Village's residency requirement, their employment would be terminated unless they came into compliance. Later that day, Deputy Chief Petruzelli informed Blohm that he was being investigated for a suspected violation of the residency requirement and Blohm was placed on administrative leave.

(R) On July 22, 2004, Deputy Chief Petruzelli issued a memorandum to Blohm directing him to prepare a Department Memorandum concerning the July 15, 2005 occurrence with John Pappadis. Blohm prepared such a memorandum to Deputy Chief Petruzelli, dated July 26, 2004.

(S) On July 29, 2004, Blohm was informed that Chief Stephens had recommended to the Rosemont Board of Public Safety Commissioners that Blohm be discharged, and that Blohm had been suspended without pay pending a hearing scheduled for August 18, 2004. The hearing later was continued until September 15, 2004.

4. The parties agreed that the principal contested issues of fact and law were as follows:

(A) Whether defendants took adverse job actions against Blohm in retaliation for speech protected by the First Amendment;

(B) Whether Blohm's African-American race was a substantial factor motivating defendants to take adverse job actions against Blohm;

(C) Whether defendants Mayor Stephens and/or Chief Stephens are municipal policymakers whose actions in this case may expose defendant Village of Rosemont to liability under 42 U.S.C. §1983;

(D) Whether defendants properly compensated Blohm under the Fair Labor Standards Act 29 U.S.C. §207.

(E)    Damages.

5.    The parties discussed and agreed to a general discovery plan and agreed to a final discovery cut-off date of March 16, 2007. Estimated time of jury trial is 7 court days.

6.    The parties agreed upon a scheduling order which limits the time to join other parties and to amend the pleadings to December 31, 2006, to file dispositive motions to April 15, 2007, and to designate trial expert witnesses to October 31, 2006. A separate order of the Court must be entered granting leave to file an Amended Complaint.

7.    The Court told counsel that the trial may be bifurcated with the issue of liability decided before the issue of damages by the same jury, and other pretrial and trial procedures were discussed (and agreed to) by the parties (as follows):

8.    Counsel agreed to continue to discuss and explore the settlement of this entire dispute and to carry out the requirements of the Pretrial Procedure Order of Judge Nordberg.

9.    The parties do not agree that this case may be tried by the assigned Magistrate Judge.

10.    This scheduling order shall not be modified except by leave of Judge or Magistrate Judge for good cause shown.

WHEREUPON, IT IS HEREBY ORDERED as follows:

(a)    Cut-off date for amendment of pleadings and joinder is December 31, 2006; cut-off date for designation of trial expert witnesses is October 31, 2006; discovery cut-off date is March 16, 2007;

(b)    Cut-off date to designate substantive motions is final status report hearing date of ~~April 15, 2007~~; March 21, 2007, 2:30 PM.

(c)    Final status report hearing is 2:30 p.m. on ~~April 15~~ March 21, 2007;

-6-

(d)     The Final Pretrial Conference shall be held at _____ p.m. on ~~June 27, 2007~~ *open* with the completed Final Pretrial Order filed with the Court sufficiently in advance of the Final Conference to allow the Court two full days for review;

(e)     Upon the completion and entry of the Final Pretrial Order, this case will be given a trial date on the civil trial calendar of the Court.

ENTER:

_____
JOHN A. NORDBERG
United States District Judge

Dated: June 8, 2006

APPROVED AS TO FORM AND SUBSTANCE:

Terence J. Moran, Esq.
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 2200
Chicago, Illinois 60602
(312) 580-0100
tmoran@hsplegal.com

_____
Attorney for Plaintiff(s)

Joy Roberts, Esq.
Rosenthal, Murphey & Coblentz
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
312-541-1070
jroberts@rmcj.com

_____
Attorney for Defendants

Angelo Del Marto, Esq.
Storino, Ramello & Durkin
9501 W. Devon Avenue, 8th Fl.
Rosemont, Illinois 60018
847-318-9509
delmarto@srd-law.com

_____
Attorney for Defendants